# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN R. MARTIN,**

    Petitioner,

  v.                                   Case No. 13-CV-1364

**WILLIAM POLLARD,**

    Respondent.

## RULE 4 ORDER

Petitioner John R. Martin, who is currently incarcerated at the Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Martin has paid the statutory $5 filing fee and the Court shall now screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Martin state that he was convicted of child enticement as a persistent repeater after a jury trial in Waupaca County Circuit Court. He is serving a life sentence. He challenges his conviction on the ground that his trial counsel was ineffective for failing to present evidence of the complaining witness' prior false allegation of sexual assault.

Upon review of the petition, the Court is satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of his rights under the United States Constitution. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, it appears from the petition that Martin either exhausted his state court remedies or there is no available state corrective process from which he can still seek a remedy. Therefore, the Court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate because it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Martin's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** within **SIXTY** (60) days of the date of this order, the respondent must file an answer, motion, or other appropriate response to the petition as well as a response to Martin's brief (filed with his petition).

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and any other relevant materials.

**IT IS ALSO ORDERED** that Martin has forty-five (45) days after receipt of the respondent's response and brief within which to file a reply, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2014.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge